UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEMINI INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>ERIE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:<br><br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT<br>AND DAMAGES |

Plaintiff, Gemini Insurance Company ("Gemini"), by way of Complaint for Declaratory Judgment and for Damages against defendant, Erie Insurance Company ("Erie"), alleges as follows:

## NATURE OF THE ACTION

1. This declaratory judgment action arises from a personal injury action entitled *Manuel Deleg Lojano v. Madeira Framing Corp., The Lofts @ Beacon Falls, LLC, Highview Development Corp., and J&M Home Building Systems, Inc.*, New York Supreme Court, County of Westchester, Index No.: 69696/2017 (the "Underlying Action").

2. In the Underlying Action, Manual Deleg Lojano (the "Claimant") alleges he suffered injuries during the course of his employment for Sala & Sons Construction Company ("Sala") at a construction project in Beacon, New York (the "Project"), because he was not provided with adequate eye protection.

3. Gemini issued Commercial General Liability policy number VCGP080851 to Highview Development Corp. ("Highview"), the general contractor for the Project, for the period June 15, 2016 to June 15, 2017 (the "Gemini Policy").

1641946

4. Gemini is currently providing a defense to Highview in the Underlying Action under the Gemini Policy and has agreed that The Lofts @ Beacon Falls LLC ("The Lofts"), a defendant in the Underlying Action, qualifies as an additional insured under the Gemini Policy for the purposes of the duty to defend.

5. Erie issued Commercial General Liability policy number Q43-6750076 to Sala for the period July 17, 2016 to July 17, 2017 (the "Erie Policy"). A copy of the Erie Policy is attached hereto as Exhibit 1.

6. Highview and Sala entered a subcontract agreement which provides that Sala would procure commercial general liability insurance naming Highview and The Lofts as additional insureds for work performed at the Project.

7. Gemini and its counsel have repeatedly tendered to Erie the defense and indemnity of Highview and The Lofts in the Underlying Action because they qualify as additional insureds under the Erie Policy.

8. Erie has refused to acknowledge that Highview and The Lofts qualify as additional insureds under the Erie Policy, and has thereby improperly refused to provide coverage to Highview and The Lofts in the Underlying Action.

9. In this action, Gemini seeks a declaration that: (i) Erie has a duty to defend and indemnify Highview and The Lofts in the Underlying Action on a primary and non-contributory basis; and (ii) Erie is obligated to reimburse the costs incurred by Gemini in the defense of Highview and The Lofts in the Underlying Action.

**PARTIES**

10. Gemini is a Delaware corporation engaged in the insurance business with an administrative office located at 7233 East Butherus Drive, Scottsdale, Arizona 85260-2410.

11. Upon Information and belief, Erie is a Pennsylvania corporation with a principal place of business located at 100 Erie Insurance Place, Erie, Pennsylvania. Erie is authorized to, and does, engage in the business of insurance in New York.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

13. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this district.

**THE UNDERLYING ACTION**

14. On or about November 30, 2017, the Claimant filed the Underlying Action Complaint against Madeira, Highview, The Lofts, and J&S alleging that on October 31, 2016, he suffered an injury to his eye when a nail fired from a nail gun operated by Madeira employee struck him in the eye. A copy of the complaint is attached as Exhibit 2.

15. The complaint alleges that the defendants violated the New York Labor Law and asserts a cause of action for common law negligence.

16. Highview thereafter filed a third-party summons and complaint against Sala alleging that Sala's acts or omissions proximately caused the accident and asserting causes of

action for common law and contractual contribution and indemnification. A copy of the third-party complaint is attached as Exhibit 3.

## THE SUBCONTRACT

17. On May 13, 2016, Highview entered into a written subcontract with Sala to perform work at the Building (the "Subcontract"). A copy of the Subcontract is attached hereto as Exhibit 4.

18. The Subcontract sets forth the following safety requirements and indemnity and insurance provisions:

> **§ 4.1 EXECUTION AND PROGRESS OF THE WORK**
>
> **§ 4.1.2** The Subcontractor shall supervise and direct the Subcontractor's Work…
>
> . . .
>
> **§ 4.3 SAFETY PRECAUTIONS AND PROCEDURES**
>
> **§ 4.3.1** The Subcontractor shall take reasonable safety precautions with respect to performance of this Subcontract, shall comply with safety measures initiated by the Contractor and with applicable laws, statutes, ordinances, codes, rules…
>
> **§ 4.6 INDEMNIFICATION**
>
> **§ 4.6.1** To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, …but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable…
>
> **ARTICLE 13 INSURANCE AND BONDS**
>
> **§13.1** The Subcontractor shall purchase from and maintain insurance of the following types of coverage and limits of liability as will protect the Subcontractor from claims that may arise out of,

or result from, the Contractor's operations and completed operations under the Subcontract:

**Type of insurance or bond**      **Limit of liability or bond Amount ($0.00)**

See Exhibit B, Insurance Requirement, for a list of all required coverages

. . .

**§13.1.4** The Subcontractor shall cause the commercial general liability coverage required by the Subcontract Documents to include (1) the Contractor, the Owner, the Architect, and the Architect's consultants as additional insureds for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Contractor's operations; and (2) the Contractor as an additional insured for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Subcontractor's completed operations.

19. Exhibit C to the Subcontract is a Blanket Insurance/Indemnity Agreement that controlled Sala's work at the Project ("Insurance Agreement").

20. The Insurance Agreement has the following relevant terms:

> In order to achieve/retain "APPROVED CONTRACTOR" status with **HIGHVIEW DEVELOPMENT CORPORATION** Contractors must comply with our insurance coverage requirements. You are required to sign the blanket insured/indemnity Agreement which applies to all work performed by you for **HIGHVIEW DEVELOPMENT CORPORATION.**
>
> 2. All contracts, purchase orders, proceed orders, etc., hereafter issued to you shall be deemed to include the provisions set forth below.
>
> 3. At contract signing, please submit to **HIGHVIEW DEVELOPMENT CORPORATION** a certificate of insurance attaching both declaration page and endorsement of the general liability policy showing **HIGHVIEW DEVELOPMENT CORPORATION** as additional insured and indicating that the following coverages and limits are in full force during the term of the agreement.

. . .

**(B) COMPREHENSIVE GENERAL LIABILITY WITH A COMBINED SINGLE**

Single limit for bodily injury…of at least $1,000,000 per occurrence, $2,000,000 aggregate per job. The limit may be provided through a combination of primary and umbrella liability policies.

Coverage shall provide and encompass at least the following:

. . .

(3) Blanket written contractual liability.

(4) Endorsement naming **HIGHVIEW DEVELOPMENT CORPORATION** and the owner as additional insured. Coverage for the additional insured shall be on a primary and noncontributory basis.

. . .

**(E) UMBRELLA LIABILITY INSURANCE**

Umbrella policy with a limit of not less than $5,000,000, providing excess coverage over all limits and coverages noted in Paragraphs A, B, C, and D above without exception. These limits can be obtained by a combination of Primary and Excess Umbrella policies, provided that all layers follow form with the underlying policies. The policies shall be endorsed to include HIGHVIEW DEVELOPMENT CORPORATION as the Certificate Holder and HIGHVIEW DEVELOPMETN CORPORATION AND (OWNER) as additionally insured.

. . .

## THE INSURANCE POLICEIS

**A.    The Erie Policy**

21.    Erie issued to Sala commercial general liability policy number Q43-6750076 for the policy period July 17, 2016 to July 17, 2017 with limits of liability of $1,000,000 per occurrence and $2,000,000 general aggregate ("Erie Policy").

22.    The Insuring Agreement in the Erie Policy provides, in part:

6

> **1.   Insuring Agreement**
>
> a. We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury"…to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages even if the allegations of the 'suit' are groundless, false or fraudulent.

23.  The Other Insurance clause in the Erie Policy, as amended by the Ultraflex Extra Liability Coverages endorsement, provides:

> **Other Insurance – Section IV – Commercial General Liability Condition** is replaced by the following:
>
> Where required by a written contract or agreement, this insurance is primary and non-contributory as respects any insurance policy issued to the additional insured, and such other insurance policy shall be excess or non-contributing, whichever applies, with this insurance.

24.  In addition to the foregoing amendment, the Contractors' Erieplaceable Enhancements Endorsement modifies the Other Insurance clause as follows:

> D.  The following is added to Paragraph **4. Other Insurance** of **Section IV – Commercial General Liability Conditions:**
> **Primary and Noncontributory Insurance**
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> 1. The additional insured is a Named Insured under such other insurance; and
>
> 2. You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

25.  The Erie Policy includes an endorsement titled "Additional Insured – Owners, Lessees or Contractors, Scheduled Person or Organization (CG 2010)," which provides:

**SCHEDULE**

| Name of Additional Insured Person or Organization | Location of Covered Operations |
|---|---|
| Highview Development Corp. and The Lofts @ Beacon Falls LLC | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury'…caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**B.     The Gemini Policy**

26.     Gemini issued commercial general liability policy number VCGP080851 to Highview for the policy period June 15, 2016 to June 15, 2017 with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate, subject to a $10,000 deductible (the "Gemini Policy").

27.     The Other Insurance clause in the Gemini Policy provides, in part:

**4.  Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.  Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless

8

any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**(1)** This insurance is excess over:

.   .   .

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

## CLAIM CORRESPONDENCE

28. By letter dated February 12, 2018, Vela Insurance Services ("Vela"), acting on behalf of Gemini, tendered the defense and indemnity of Highview to Erie.

29. By letter dated March 18, 2018, Erie denied coverage to Highview asserting that "there is a question as to whether the bodily injury arose out of our insured's acts or omissions."

30. By letter dated April 15, 2019, the law firm Gordon & Rees, as defense counsel for Highview in the Underlying Action, re-tendered its defense and indemnification to Erie and also tendered the defense and indemnity of The Lofts.

31. By letter dated May 6, 2019, Erie adhered to its position denying coverage to Highview and The Lofts on the grounds that Sala was not the "sole proximate cause" of the injury and also because Erie did not believe the "contractual indemnification clause has been triggered."

32. By letter dated June 17, 2019, the law firm Coughlin Duffy, LLP, as counsel retained to represent Gemini, requested that Erie reconsider its denial of coverage to Highview and The Lofts because its position was contradicted by New York law.

33. Erie has not responded to Coughlin Duffy's June 17 letter.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ERIE
**(Declaratory Judgment –Additional Insured Status)**

34. Gemini repeats and re-alleges each and every allegation in Paragraphs 1 through 34 as if fully set forth herein.

35. The Erie Policy affords additional insured coverage to Highview and The Lofts for the claims made in the Underlying Action.

36. To date, Erie has failed to acknowledge its duty to provide coverage to Highview and The Lofts as additional insureds under the Erie Policy.

37. An actual case or controversy exists between Gemini and Erie concerning Highview and The Lofts' entitlement to defense and indemnity for the Underlying Action under the Erie Policy.

38. A resolution of this dispute is necessary to resolve Erie's obligation to defend and indemnify Highview and The Lofts with respect to the Underlying Action, and to reimburse Gemini for fees and expenses which it has expended and will expend for the defense of Highview and The Lofts in the Underlying Action.

39. Therefore, Gemini seeks a judicial determination and declaration that Highview and The Lofts are additional insureds under the Erie Policy for the Underlying Action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ERIE
**(Declaratory Judgment – Duty to Defend)**

40. Gemini repeats and re-alleges each and every allegation in Paragraphs 1 through 39 as if fully set forth herein.

41. Under the terms of the Erie Policy, Erie has a duty to defend Highview and The Lofts in the Underlying Action on a primary and non-contributory basis.

42. To date, Erie has failed to acknowledge its obligation to defend Highview and The Lofts in the Underlying Action.

43. An actual case or controversy exists between Gemini and Erie concerning Highview and The Lofts' entitlement to defense for the Underlying Action under the Erie Policy.

44. A resolution of this dispute is necessary to resolve Erie's duty to defend Highview and The Lofts in the Underlying Action and to reimburse Gemini for fees and expenses which it has expended and will expend for the defense Highview and The Lofts in the Underlying Action.

45. Therefore, Gemini seeks a judicial determination and declaration that Erie has a duty to defend Highview and The Lofts in the Underlying Action on a primary, non-contributory basis.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ERIE
### (Declaratory Judgment – Duty to Indemnify)

46. Gemini repeats and re-alleges each and every allegation in Paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to the terms of the Erie Policy, Erie has a duty to indemnify Highview and The Lofts in connection with the Underlying Action on a primary and non-contributory basis.

48. To date, Erie has failed to acknowledge its duty to indemnify Highview and The Lofts with respect to the Underlying Action.

49. An actual and justiciable controversy exists between Gemini and Erie regarding Erie's obligation to indemnify Highview and The Lofts with respect to the Underlying Action.

50. A resolution of this dispute is necessary to resolve Erie's duty to indemnify Highview and The Lofts with respect to the Underlying Action.

51. Therefore, Gemini seeks a judicial determination and declaration that Erie has a duty to indemnify Highview and The Lofts with respect to the Underlying Action, on a primary and non-contributory basis.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ERIE
**(Declaratory Judgment – Reimbursement of Defense Costs Paid by Gemini and Damages)**

52. Gemini repeats and re-alleges each and every allegation in Paragraphs 1 through 51 as if fully set forth herein.

53. Erie has wrongfully failed to provide Highview and The Lofts with a defense for the Underlying Action.

54. Erie's failure to provide a defense to Highview and The Lofts for the Underlying Action violates the terms of the Erie Policy.

55. As a direct and proximate result of Erie's failure to provide a defense to Highview and The Lofts in violation of the obligations set forth in the Erie Policy, Gemini has incurred and will incur considerable defense costs on behalf of Highview and The Lofts.

56. An actual and justiciable controversy exists between Gemini and Erie regarding Erie's obligation to reimburse Gemini for the defense costs incurred on behalf of Highview and The Lofts in the Underlying Action.

57. Accordingly, the Court should award to Gemini, and order Erie to reimburse Gemini for the defense costs incurred on behalf of Highview and The Lofts in the Underlying Action, from the date of initial tender to the present, plus interest.

**WHEREFORE**, Plaintiff, Gemini Insurance Company, respectfully requests that the Court enter a judgment:

1. On the first cause of action, for a judgment declaring that Highview and The Lofts are additional insureds under the Erie Policy in connection with the Underlying Action.

2. On the second cause of action, for a judgment declaring that Erie must defend Highview and The Lofts in the Underlying Action as additional insureds on a primary and non-contributory basis.

3. On the third cause of action, for a judgment declaring that Erie must indemnify Highview and The Lofts in the Underlying Action as additional insureds on a primary and non-contributory basis.

4. On the fourth cause of action, awarding Gemini money damages against Erie for all defense costs incurred by Gemini in the defense of Highview and The Lofts in the Underlying Action, plus interest, as well as all attorneys' fees, costs, and expenses that it has incurred in prosecuting this action.

5. For such other and further relief as the Court deems just and proper.

COUGHLIN DUFFY LLP

By: */s/ Lorraine M. Armenti*
Lorraine M Armenti, Esq.
Gabriel E. Darwick, Esq.
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
*Attorneys for Plaintiff,*
*Gemini Insurance Company*

Dated: August 1, 2019